UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRENCEJAMAL FITCH,

Plaintiff,

v.

Case No. 26-cv-856-pp

JOSEPH LACROIX, TONYA ROSALES
and PAUL MINER,

Defendants.

---

**ORDER DENYING PLAINTIFF'S EQUITABLE REQUEST FOR SEALING AT INCEPTION (DKT. NO. 2) AND DIRECTING CLERK TO UNSEAL CASE, SCREENING COMPLAINT/BILL IN EQUITY (DKT. NO. 1) AND DISMISSING CASE**

---

On May 14, 2026, the plaintiff filed a complaint, which he titled a "Verified Sealed Bill in Equity In the Nature of Restoration, Quia Timet, and Breach of Entrusted Duty." Dkt. No. 1. The court recently dismissed two other complaints filed by the plaintiff that he'd called bills in equity. Fitch v. Frank Boucher Chevrolet, Inc., Case No. 26-cv-1431 (E.D. Wis.); Fitch v. Unknown, Case No. 26-cv-876 (E.D. Wis.). In this case, the plaintiff says that he was "seized, restrained, transported, and confined under purported body attachment authority by the named Respondents" on or about February 23, 2021. Dkt. No. 1 at 2. He names Joseph Lacroix, Tonya Rosales and Paul Miner as "respondents" and adds the Chief of Police of the Milwaukee Police Department as a "nominal respondent." Id. at 1.

Three and a half years ago, the plaintiff filed an almost identical complaint against Joseph Lacroix , Tonya Rosales, the City of Milwaukee and Milwaukee County, alleging false arrest and excessive force regarding his arrest, search and transport on February 23, 2021. Fitch v. Lacroix, Case No. 23-cv-82-LA (E.D. Wis.). Judge Lynn Adelman granted the defendant's motion for summary judgment and dismissed the case with prejudice. Id., Dkt. No. 156. Judge Adelman ordered that all future motions filed by the plaintiff would be terminated. Id., Dkt. No. 176 at 8.

This order denies the plaintiff's equitable request for sealing, directs the clerk to unseal the case, screens the complaint—the "bill in equity"—and dismisses the case as barred by the doctrine of preclusion and the statute of limitations.

## I. Plaintiff's Equitable Request for Protective Sealing at Inception and Initial *In Camera* Administration (Dkt. No. 2)

The plaintiff has filed an "Equitable Request for Protective Sealing at Inception and Initial In Camera Administration," asserting that the "matters presented concern unresolved deprivation of liberty, continuing personal injury, reputational harm, incomplete official record integrity, breach of entrusted duty and continuing equitable consequences that risk compounding through premature unrestricted public exposure." Dkt. No. 2 at 1. The plaintiff asks that the "Verified Sealed Bill in Equity" and the "threshold supporting record" be maintained under seal and considered by the court *in camera*. Id.

General Local Rule 79 (E.D. Wis.) governs motions to seal or restrict documents. It states that a party seeking to restrict access to a document must

accompany the document with a separate motion to restrict, which "must be publicly filed and must describe the general nature of the information withheld from the public record." General L.R. 79(d)(2). The rule states that "[t]o the extent possible, the movant should include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request" and that the motion "must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." General L.R. 79(d)(2), (3). The Local Rules mandate that "[a]bsent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied." General L.R. 79(d)(3).

This court's Local Rules are consistent with the Seventh Circuit's position on generic motions to seal or restrict based on protective or confidentiality orders. Documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern. (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). A party can rebut that presumption in certain cases, such as where the party seeks "to conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." Id. (citations omitted). But the party seeking to seal or restrict the documents must "analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately may be kept from public inspection despite its importance to the resolution of the litigation." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002);

see also Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir. 1992) (a litigant must do more than just identify a kind of information and demand secrecy).

The plaintiff has not stated good cause why this case, or any of the documents in it, should be sealed. Nor has he complied with General L.R. 79(d). The court has reviewed the documents and finds no basis for restricting them from public view. The court will deny the motion to seal and direct the clerk to unseal the case and the documents the plaintiff has filed in it.

## II. Screening

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999); Rezny v. Wis. Dep't of Fin. Insts., Case No. 22-C-1285, 2022 WL 17551151 at *1 (E.D. Wis. Dec. 9, 2022). The court must decide whether the amended complaint raises claims that are legally "frivolous or malicious," that fail "to state a claim upon which relief may be granted" or that seek "monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A complaint filed by a self-represented litigant must be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring

to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684–85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982)).

Although courts liberally construe their filings, self-represented litigants must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff need not plead every fact supporting his claims; he need only to give the defendant fair notice of the claims and the grounds upon which they rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state viable claims against the defendant, the complaint must contain allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

A. Complaint/Bill in Equity (Dkt. No. 1) and Additional Documents

The plaintiff filed a "Verified Sealed Bill in Equity in the Nature of Restoration, Quia Timet, and the Breach of Entrusted Duty." Dkt. No. 1. The plaintiff alleges that "[o]n or about February 23, 2021, Complainant, a living man appearing in private capacity, was seized, restrained, transported, and confined under purported body attachment authority by named Respondents."

Id. at 2 (bolding removed). The plaintiff alleges that the defendants did not have a valid judicial warrant or sworn judicial authorization. Id. at 2-3. He says that he was not provided with prompt judicial review. Id. at 3. According to the plaintiff, he was "deprived of liberty for more than twenty-four hours before release without criminal charge, without formal accusation, and without the ordinary judicial safeguards expected to accompany so grave an intrusion on personal liberty." Id. The plaintiff alleges continuing harm, including "unresolved official record contamination, injury to dignity and reputation, emotional and personal harm, economic and employment consequences" and an incomplete equitable accounting. Id. at 4.

The plaintiff asserts that he is not bringing the "Bill" to relitigate public controversy but to seek "equitable preservation, protection, accounting, correction, and restoration concerning unresolved injury and continuing harm." Id. The plaintiff alleges that the deprivation of liberty caused irreparable harm. Id. at 10. He also asserts a "breach of entrusted duty, failure of honorable response, and continuing non-performance." Id. In his prayer for relief, the plaintiff seeks "in camera equitable administration," full equitable review, an equitable accounting, equitable correction/reformation, a declaration concerning entrusted duty, restorative equitable compensation, preventative protective relief, an in-chambers conference and complete equitable relief. Id. at 14-16. The plaintiff filed additional pleadings, but they re-assert the same allegations and theories that appear in the complaint/bill in equity. Dkt. Nos. 5-11.

B. Discussion

The plaintiff has eleven closed cases in this district.[1] One of those cases appears to be directly related to the instant complaint/bill in equity. In Fitch v. LaCroix, Case No. 23-cv-82, the plaintiff alleged that on February 23, 2021, officers were dispatched in response to the plaintiff's call and took the plaintiff into custody for an alleged sexual assault that occurred in 2018. Id., Dkt. No. 1. According to the plaintiff, the officers placed him in handcuffs and transported him to booking before the State decided not to pursue charges. Id.

Judge Adelman granted the defendants' motion for summary judgment on the ground that no reasonable jury could conclude that the Milwaukee Police Department lacked probable cause to arrest the plaintiff. Id., Dkt. No. 156 at 8. Judge Adelman rejected the plaintiff's argument that his arrest was unlawful because the defendants were not in possession of an arrest warrant signed by the judge. Id. He addressed each of the plaintiff's assertions and explained that the decision to decline prosecution did not demonstrate a lack of probable cause. Id. at 10. Judge Adelman also found that the officers were cloaked in qualified immunity on the false arrest claim. Id. at 12. Judge

---

[1] Fitch v. Frank Boucher Chevrolet, Inc., Case No. 26-cv-1431 (E.D. Wis.); Fitch v. Unknown, Case No. 26-876 (E.D. Wis.); Fitch v. Paulson, *et al.*, Case No. 25-cv-1486-LA (E.D. Wis.); Fitch v. Kaul, Case No. 24-cv-1134-LA (E.D. Wis.); Fitch v. Monahan, Case No. 21-cv-358-LA (E.D. Wis.); Fitch v. Educators Credit Union, Case No. 25-cv-416-LA (E.D. Wis.); Fitch v. Puetz, *et al.*, Case No. 23-cv-1448-LA (E.D. Wis.); Fitch v. State of Wisconsin, Case No. 23-cv-252-LA (E.D. Wis.); Fitch v. Lacroix, Case No. 23-cv-82-LA (E.D. Wis.); Fitch v. McAdams, *et al.*, Case No. 22-cv-523-LA (E.D. Wis.); and Fitch v. TransUnion, Case No. 22-cv-514-PP (E.D. Wis.); Preservation of Equitable Documentary Record Concerning and Identifiable Res, Case No. 26-mc-33-JPS.

Adelman entered judgment on June 18, 2025, id. at Dkt. No. 157, denied the plaintiff's motion to reconsider and told the plaintiff that he would not rule on any further motions in that case, id. at Dkt. No. 176.

Less than a year after Judge Adelman dismissed the plaintiff's lawsuit, the plaintiff filed the instant case, again challenging his February 23, 2021 arrest and naming defendants Lacroix, Rosales, Miner and the Milwaukee Chief of Police. Once Judge Adelman dismissed the plaintiff's first lawsuit on the merits, the doctrine of *res judicata* prevented (and prevents) the plaintiff from relitigating issues in a second lawsuit (when they could have been raised in the first). Barr v. Board of Trustees, 796 F.3d 837, 840 (7th Cir. 2015). The *res judicata* doctrine applies where there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action. Id. "[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." Id. (quoting Herrmann v. Cencom Cable Assocs., 999 F.2d 223, 226 (7th Cir.1993)).

The plaintiff and three of the defendants are identical in both lawsuits. Judge Adelman entered a final judgment in the first lawsuit. And in both cases the plaintiff is challenging his arrest, transport and confinement without a warrant. The doctrine of *res judicata* prohibits the plaintiff from proceeding with this second lawsuit.

The plaintiff faces additional hurdles with this complaint. Under Wisconsin law, the applicable statute of limitation is three years. Wis. Stat. §893.53 (effective April 5, 2018); see Jacobs v. Schermitzler, Case No. 22-C-

386, 2022 WL 1736179, at *3 (E.D. Wis. Dec. 1, 2022). A claim for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process." Mason v. Boehlke, 25-cv-75, 2025 WL 370119, at *5 (E.D. Wis. Feb. 3, 2025). The plaintiff alleges that the arrest occurred on February 23, 2021—more than five years before he filed this case.

The complaint/bill in equity also fails the notice pleading standard. Aside from identifying the date of the arrest and transport, the plaintiff never explains what actions were taken by each of the defendants. He has not provided the necessary "who, what, when, where, why" information to state a claim.

Although the Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint, Felton v. City of Chicago, 827 F.3d 632, 636 (7th Cir. 2016), the court will dismiss the case because any amendment would be futile. See Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

## III. Conclusion

The court **DENIES** the plaintiff's equitable request for sealing at inception. Dkt. No. 2. The court **DIRECTS** the clerk to unseal this case.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

The court advises the plaintiff that if he continues to file cases raising issues that previously have been litigated on the merits, or that raise frivolous issues, the court may impose sanctions or enter a filing bar.

Dated in Milwaukee, Wisconsin this 31st day of August, 2026.

**BY THE COURT:**

______________________________

**HON. PAMELA PEPPER**
**Chief United States District Judge**