UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRENCEJAMAL FITCH,

Plaintiff,

v.

Case No. 26-cv-856-pp

JOSEPH LACROIX, TONYA ROSALES
and PAUL MINER,

Defendants.

---

**ORDER DENYING PLAINTIFF'S PETITION FOR RECONSIDERATION AND CLARIFICATION OF THE JUDICIAL RECORD, WITH MANIFESTATION OF INTENT CONCERNING THE EQUITABLE PRESENTMENT (DKT. NO. 19)**

---

On August 31, 2026, the court dismissed with prejudice the plaintiff's *pro se* complaint, which he had entitled a "Verified Sealed Bill in Equity In the Nature of Restoration, Quia Timet, and Breach of Entrusted Duty." Dkt. No. 14. The court dismissed the complaint based on the doctrine of *res judicata* because Judge Adelman previously had dismissed a prior lawsuit the plaintiff filed against the same defendants based on the same allegations that the plaintiff asserted to challenge his arrest, transport and confinement without a warrant. Id. at 7-8. The court observed in its dismissal order that the plaintiff's false arrest claim, which was premised on an arrest that occurred on February 23, 2021, would be barred by the applicable three-year statute of limitation under Wis. Stat. §893.53. Id. at 7-9.

Following the dismissal of the plaintiff's complaint, the plaintiff filed a "Petition for Reconsideration and Clarification of the Judicial Record, With Manifestation of Intent Concerning the Equitable Presentment." Dkt. No. 19. Because the plaintiff filed his petition within the twenty-eight-day period proscribed by Federal Rule of Civil Procedure 59(e), the court will construe it as a motion for reconsideration of the court's decision to dismiss the plaintiff's complaint.

## I. Legal Standard

Rule 59(e) allows a court to alter or amend a judgment so long as the motion is filed no later than twenty-eight days after the entry of judgment. "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14-C-1727, 2019 WL 1505399 at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09-C-4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)). Motions for reconsideration serve a very limited purpose in federal civil litigation: "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), aff'd 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v.

Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., Case No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

## II. Discussion

The plaintiff asks the court to reconsider its decision because his complaint was "made in equity" and did not seek a "remedy at law." Dkt. No. 19 at 2. Whether the plaintiff's claim was made in equity or at law does not impact whether the doctrine of *res judicata* applies to his claims based on his February 23, 2021 arrest.

Under *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986) (quoting Brown v. Felsen, 442 U.S. 127, 131 (1979)). "[A]n identity of the cause of action in both the earlier and later suit" exists when "the claims arise out of the same set of operative facts or the same transaction." Scholz v. United States, 18 F.4th 941, 952 (7th Cir. 2021). "The legal theories for the claims in each case need not be the same provided they are based on the same, or nearly the same, factual allegations." Rivera v. Nestle USA, Inc., Case No. 26-CV-241, 2026 WL 895234, at *3 (E.D. Wis. Apr. 1, 2026), corrected, (E.D. Wis. Apr. 17, 2026), and motion for relief from judgment denied, Case No. 26-CV-241, 2026 WL 1283658 (E.D.

Wis. May 11, 2026) (citing Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi., 649 F.3d 539, 547 (7th Cir. 2011)).

Relying on a different legal theory does not create a new cause of action; what matters for purposes of *res judicata* is that the claims in each suit involve the same set of operative facts. See Matrix IV, 649 F.3d at 548 ("Under well-established claim-preclusion doctrine, this common nucleus of operative facts means the claims are the same even though they involve different legal theories."); Daza v. Indiana, 2 F.4th 681, 684 (7th Cir. 2021) ("Anything falling within that common nucleus, whether or not actually raised, falls within the scope of the claim and is thus subject to claim preclusion in a later case."); Ramirez v. Dane County, Case No. 20-cv-1027, 2024 WL 1908804, at *4 (W.D. Wis. May 1, 2024) ("In other words, a plaintiff cannot avoid claim preclusion by adding new theories to the second suit.").

In his complaint in this case, the plaintiff alleged that "[o]n or about February 23, 2021, Complainant, a living man appearing in private capacity, was seized, restrained, transported, and confined under purported body attachment authority by named Respondents." Dkt. No. 1 at 2 (emphasis removed). The plaintiff alleged that the defendants did not have a valid warrant or sworn judicial authorization and that he was not provided with prompt judicial review. Id. at 2-3. In Fitch v. LaCroix, Case No. 23-cv-82-LA, the plaintiff alleged that on February 23, 2021, officers were dispatched in response to his call and took the plaintiff into custody for an alleged sexual assault that occurred in 2018. Id., Dkt. No. 1. Judge Adelman granted the

defendants' motion for summary judgment because he found that no reasonable jury could conclude that the Milwaukee Police Department lacked probable cause to arrest the plaintiff. Id., Dkt. No. 156 at 8. Judge Adelman also found the officers cloaked in qualified immunity on the plaintiff's false arrest claim. Id. at 12.

Because in the instant case, the plaintiff again challenges his February 23, 2021 arrest against the same three defendants (LaCroix, Rosales and the Milwaukee Chief of Police) named in Judge Adelman's case, the doctrine of *res judicata* prohibits the plaintiff from proceeding with this lawsuit. Whether his legal theory is based on equity or law does not change the fact that both lawsuits are premised on the same set of operative facts—the February 23, 2021 arrest.

## III. Conclusion

The court **DENIES** the plaintiff's petition for reconsideration. Dkt. No. 19.

The court advises the plaintiff that a dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of this order. See Fed. R. App. P. 3, 4(a)(4)(A)(v).

Dated in Milwaukee, Wisconsin this 1st day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**