UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRENCEJAMAL FITCH,

Plaintiff,

v.

Case No. 26-cv-856-pp

JOSEPH LACROIX, TONYA ROSALES
and PAUL MINER,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO RESTRICT PUBLIC ACCESS TO CONFIDENTIAL EQUITABLE MATERIALS (DKT. NO. 21)**

---

On August 31, 2026, the court dismissed with prejudice the plaintiff's complaint, which he had filed himself and titled a "Verified Sealed Bill in Equity In the Nature of Restoration, Quia Timet, and Breach of Entrusted Duty." Dkt. No. 14. The plaintiff since has filed a notice of appeal. Dkt. No. 24. The plaintiff also has filed a motion asking the court to restrict public access to "specifically identified confidential materials" associated with his complaint and the "record submitted for appellate review." Dkt. No. 21 at 1. The court will deny the motion.

The Seventh Circuit Court of Appeals consistently has held that documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern. (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). That presumption can be rebutted for limited reasons, such as "to conceal trade secrets, and, if there are compelling reasons of personal privacy,

to litigate under a pseudonym." Id. (citations omitted). But the party seeking to seal or restrict the documents must "analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately may be kept from public inspection despite its importance to the resolution of the litigation." In Baxter Int'l, Inc. v. Abbott Lab'ys, 297 F.3d 544, 546 (7th Cir. 2002) (citing Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir.1992) (explaining that a litigant must do more than just identify a kind of information and demand secrecy)).

This court's local rules are consistent with the Seventh Circuit's position on generic motions to seal or restrict based on protective or confidentiality orders. Under General L.R. 79(d)(2) (E.D. Wis.), a party seeking to restrict access to a document must attach to the document a separate motion to restrict, which "must be publicly filed and must describe the general nature of the information withheld from the public record." The rule states that "[t]o the extent possible, the movant should include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request" and that the motion "must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." General L.R. 79(d)(2), (3). The local rules mandate that "[a]bsent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied." General L.R. 79(d)(3).

The plaintiff's motion states that the "categories" of materials he seeks to have restricted include biometric and derivative records, sensitive personal identifying records, confidential "equitable and beneficial-interest materials" and "supporting evidentiary materials." Dkt. No. 21 at 1-2. But the plaintiff has not specifically identified any of those materials. He has not filed any document or material that redacts the portions of the document he seeks to have restricted from public access. The court can only guess as to what biometric or personal identifying records or other evidentiary materials he seeks to have restricted. A blanket request that broad categories of material be restricted, without more, is insufficient. See Baxter, 297 F.3d at 548 ("Motions [to seal] that represent serious efforts to apply the governing rules will be entertained favorably . . . . Motions that simply assert a conclusion without the required reasoning, however, have no prospect of success.").

The court **DENIES** the plaintiff's motion to restrict access to confidential equitable materials. Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 6th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**